In the Matter of the Estate of SAMUEL O. McDONALD, Deceased. NANCY McDONALD, Petitioner; MINNIE McDONALD, Respondent.

Surrogate's Court, New York County, October 6, 1942.

*Jacob I. Horowitz* for petitioner

*Ira W. Levitas* for respondent.

*Nicholas P. Iannuzzi,* special guardian, for Nancy McDonald, infant.

DELEHANTY, S. Letters of administration on the estate of deceased were granted to his widow on May 21, 1942. By petition filed July 1, 1942, the mother of deceased seeks to revoke such letters and to cause to be admitted to probate either a letter of deceased which is attached to the petition or an oral will of deceased, the tenor of which is recited in an annex to the petition.

Deceased lost his life in the sinking of the steamship " Lake Osweya " which sailed from New York harbor on February 16, 1942, and which was torpedoed and sunk (it is conceded) on February 19, 1942.

The writing of deceased attached to the petition cannot be admitted as a will. (*Matter of Zaiac,* 279 N. Y. 545, 551.)

The witnesses to the so-called oral will are not credited by the court. The petition alleges the making of the will on the 17th of February. This datemark is given in the addendum to the petition. Each witness referred to the 17th as the date of the making of the will. Obviously all of them were mistaken (?) about the date, since the ship on which deceased was lost sailed from New York harbor on the preceding day, the 16th. One of the witnesses patently falsified about his connection with the transaction. He is the second husband of the petitioner and his production by her as a witness taints the whole of her case. The court is not ready to accept the proof as sufficing to establish the making of any will by deceased.

But there is a vital defect in the case for petitioner which is independent of the question of credibility. The statute (Decedent Estate Law, § 16; Cons. Laws, ch. 13) gives the privilege of making a nuncupative will to a mariner " while at sea."

Though the courts have been liberal in construing the phrase thus quoted no construction has gone so far as to validate an oral will made in the circumstances here suggested. Deceased is shown by his letter attached to the petition to have sought vainly from the master of the ship leave to visit his friends and relatives in New York. The proof shows that deceased actually left the ship without permission and in defiance of orders and remained away more than two days. He thereby incurred penalties. (U. S. Code, tit. 46, § 701.) While he was in the city of New York on this unwarranted absence he was not entitled to the privilege, of making a nuncupative will.

That privilege has always been a restricted one. The latest amendment to the statute (effective May 6, 1942, after deceased's death) continues the restrictions in respect of the matter here pertinent. The amendment must be deemed to have been written in the light of the existing case law. Thus, in respect of the privilege granted to a soldier or sailor, '' actual military or naval service '' has been held inapplicable to situations where the soldier or sailor was not engaged on an expedition. (*Matter of Dumont*, 170 Misc. 100, and cases there cited.) So in respect of the phrase '' while at sea '' the authorities are restrictive. (*Goods of Corby*, 1 Sp. Ecc. & Ad. 292; *Earl of Euston* v. *Seymour*, cited in 2 Curteis, 339; *Matter of Gwin*, 1 Tucker [N. Y.] 44.) '' The reason for allowing soldiers and mariners to make oral testaments is evidently their peculiar professional or vocational status; and hence where they are surrounded by the same conditions as are persons in general, they should not be accorded any superior privilege in respect of the testamentary disposition of property. Accordingly, a soldier on leave of absence from his military organization, or a mariner on shore, should not be permitted to execute an enforceable oral testament.'' (1 Davids on New York Law of Wills, 705.)

For all the reasons stated probate is refused and the application to revoke letters of administration denied. Submit, on notice, decree accordingly.