In the Matter of the Estate of ERNEST B. ANDERSON, Deceased.

Surrogate's Court, New York County, March 4, 1943.

*Leon Wolf* for Martha Gafvert and Gust Gafvert, petitioners.

*Joseph A. Cox* for James F. Egan, Public Administrator of the County of New York, respondent.

*Carter, Ledyard & Milburn* for American Express Company, respondent.

DELEHANTY, S. Deceased was a seaman who died because the ship on which he had sailed from New York in February, 1942, was torpedoed in May, 1942, while en route to Buenos Aires. He lived in a furnished-room house operated by the petitioners who are shown by the proof to have had complete access to all his belongings. The petitioners seek to recover from the Public Administrator ten travelers' checks worth $200 " and also * * * certain salaries and bonuses " paid after deceased's death by the shipping corporation employing him to the United States Shipping Commissioner for distribution to the persons entitled thereto. The claim of petitioners is stated to be one made " by virtue of a gift to them *causa mortis* by the deceased Ernest B. Anderson prior to his departure on the S. S. ' Lammot du Pont ', which ship was thereafter torpedoed and sunk ".

Testimony was offered to the effect that shortly before deceased boarded the steamship about mid-February, 1942, he made statements to two of the witnesses for petitioners. This testimony constitutes the sole proof in support of the claim of gift *causa mortis*. The testimony of one of the witnesses admits only of the conclusion that deceased intended to leave with one only of the petitioners for safekeeping a check or checks for $200. The testimony of the other witness is equivocal in some respects but, at the maximum, reports the deceased as saying that he wanted petitioners to have whatever he had when he died.

No effort was made on the trial to prove that either salary or bonus was due deceased before he sailed. Patently such a subject matter as future earnings could not pass by gift *causa mortis*. The case is limited therefore to the travelers' checks and the sum of $200 represented thereby. On the facts the case of petitioners is wholly insufficient to show the use by deceased of any words of gift even if their case were not otherwise fatally defective.

That it is fatally defective on the law is patent when it is considered that deceased was in good health and in no apprehension of impending peril at the time of the alleged gift *causa mortis*. It is true that he was intending to embark upon a voyage and it is true that such voyage did result in his death, but that is not the type of peril which constitutes a permissible basis for substituting gifts *causa mortis* for the Statute of Wills. The true substance of what was here attempted by deceased (if any credit is to be given the witnesses at all) was the making of an oral will, and clearly he could not make such a will in the circumstances

confronting him (see cases cited in *Matter of McDonald,* 179 Misc. 284). That the remote peril of death by the torpedoing of a ship — stated by one of petitioners' witnesses to be on "a safe run " — furnishes no proof of present peril such as is required to validate a gift *causa mortis* is clear from the cases which are cited in *Matter of Reardon* (175 Misc. 1002, at pp. 1007-1008).

The claim of petitioners is in all respects disallowed and the petition is dismissed on the merits. Submit, on notice, decree accordingly.